## DAVIS vs. DUNN.

Where the issue was whether a mortgage had been settled by the giving of new notes in place of the old one which it was executed to secure, it was not competent to ask the maker generally if the new notes were not given in settlement of a former indebtedness, without specifying what indebtedness.

Mortgage. Evidence. Before Judge WRIGHT. Calhoun Superior Court. March Term, 1878.

Dunn sued out a rule *nisi* against Davis to foreclose a mortgage. The latter pleaded, among other things, that the

land had been set apart to him as a homestead in bankruptcy, and that the mortgage debt had been settled by giving new and smaller notes.    On the trial, the court refused to allow counsel for defendant to ask him if the small notes were not given in settlement of " a former indebtedness."

The jury found for plaintiff.  Defendant moved for a new trial, which was refused, and he excepted.

For the other facts, see the decision.

J. J. Beck;  A. Hood;  D. A. Vason, for plaintiff in error, cited 58 *Ga.*, 604;  33 *Ib.*, 208;  Annotated Bankrupt Act, p. 72, notes 166 & 167.

C. B. Wooten, for defendant, cited 1 Hill. on Mort., pp. 476, 477.

Warner, Chief Justice.

This case came on to be heard in the court below on a rule *nisi* to foreclose a mortgage on certain lands therein described.    The defendant filed his defense thereto, and upon the trial of the issue thus formed, the jury returned a verdict in favor of the plaintiff.    The defendant made a motion for a new trial on several grounds, which was overruled, and the defendant excepted.    The only open question not heretofore adjudicated by this court, embraced in the defendant's motion for a new trial (the debt against which the homestead in bankruptcy was claimed having been contracted in January, 1868,) is the refusal of the court to allow the defendant, Davis, to answer the question, " If the small notes were not in settlement of a former indebtedness?"    It appears from the evidence in the record that the original note, dated in January, 1868, which the mortgage was given to secure, was for the sum of $412.00, and that by agreement of the parties, that note was divided into five smaller notes, four for $100.00 each, and one for $12.00.    The witness, Davis, had already stated that at the time the small notes were given and the large note given up, nothing was

said about the mortgage, and the issue on trial was whether the mortgage had been settled. The witness was not asked if the small notes were not given in settlement of the mortgage, but was asked if the small notes were not given in settlement of a former indebtedness. Whether that former indebtedness had reference to the mortgage indebtedness or not, did not appear, and there was no error in ruling out the answer to the question in the shape in which it was propounded.

Let the judgment of the court below be affirmed.